UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>HENGQIAN GUO,<br>Defendant. | Case No. 6:26-po-00071-HBK<br><br>ORDER DENYING REQUEST FOR AN EVIDENTIARY HEARING |

Defendant Hengqian Guo requests an evidentiary hearing on her motion to suppress. (Doc. 13). The motion is fully briefed. (Docs. 13, 16, 17). For the reasons below, the Court denies the request.

I. LEGAL STANDARD

"An evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue." *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (per curiam) (citation omitted). Whether to hold a hearing rests within the court's reasoned discretion. *Id.* A hearing is required only when the moving papers identify contested facts with sufficient definiteness, clarity, and specificity. *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000).

////

## II. DISCUSSION

Defendant, who was travelling in Yosemite National Park as the passenger in a vehicle, seeks to suppress all evidence obtained during a warrantless search of that vehicle. Defendant argues that, under the Fourth Amendment's reasonableness requirement, the government bears the burden of establishing that a warrantless search is reasonable and falls within an exception to the general warrant requirement. (Doc. 13 at 3–4). She "believes the government will be unable to satisfy its burden." (*Id.* at 4). In her reply, Defendant argues that the search of the vehicle exceeded the scope of the Park Rangers' authority to search and was unreasonably prolonged. (Doc. 17 at 2–3).

Upon review of the Defendant's motion and reply, and the Government's opposition, the Court concludes that there are no contested issues of fact that warrant an evidentiary hearing. The parties appear to agree on the underlying events, and Defendant does not challenge any aspects of the factual record. Instead, Defendant raises a purely legal argument as to whether the search of the vehicle was lawful under the Fourth Amendment. *See United States v. Cook*, 808 F.3d 1195, 1201 (9th Cir. 2015) (evidentiary hearing not warranted where Defendant's motion to suppress only raised a "legal argument").

Accordingly, IT IS ORDERED:

1. Defendant's request for an evidentiary hearing is DENIED;
2. The evidentiary hearing scheduled for November 4, 2026, is VACATED;
3. The Court will decide the motion to suppress on the existing record.

Dated: October 27, 2026

*Helena M. Barch-Kuchta*

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE